FILED

JAN 2 2 2013

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

Eileen W. Hollowell

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| CARON TERESA FISHER, | ) | Case No. 4:11-bk-20093-EWH |
| Debtor. | ) | |
| ROBERT CUNNINGHAM, | ) | Adv. Case No. 4:11-ap-01666 |
| Plaintiff, | ) | |
| v. | ) | |
| CARON TERESA FISHER, | ) | **MEMORANDUM DECISION** |
| Defendant. | ) | **(11 U.S.C. § 523(a)(4) Discharge)** |

## I. <u>INTRODUCTION</u>

Plaintiff seeks a non-dischargeability judgment in excess of $40,000 against Defendant for an alleged breach of fiduciary duty and embezzlement. Because the Court finds that only certain actions taken by Defendant, while exercising a power of attorney, created a fiduciary duty from her to her late father, Plaintiff can only prevail on a small portion of its breach-of-fiduciary claim. The Court further finds that Plaintiff cannot prevail on his embezzlement claim.

## II. STATEMENT OF FACTS

Caron Fisher ("Defendant") is the daughter of Norberto Cunningham ("Cunningham"). Cunningham passed away in November 2007. Prior to his death Cunningham resided with Defendant for at least six months.

In early 2006, Cunningham executed a power of attorney ("POA") appointing Defendant as his attorney-in-fact. The POA barred Defendant from making gifts to herself and her family. Around the same time as the execution of the POA, Cunningham executed a will and appointed Defendant as personal representative of his probate estate ("the Estate"). After the POA was executed, Defendant wrote checks ("the Checks") to herself and to family members totaling approximately $40,000. The Checks were not signed by Defendant as attorney-in-fact under the POA. Instead, each of the Checks was signed by Defendant using Cunningham's name. According to Defendant, Cunningham frequently asked her to sign checks for him due to his bad eyesight and generally poor health.

Though Cunningham had health issues, his death was unexpected. Cunningham entered the hospital in 2007 and died several weeks later. While Cunningham was in the hospital, but prior to his death, Defendant went to his bank and withdrew approximately $20,000 using the POA. Defendant testified she made the withdrawals at the direction of her father's attorney. At or around the time of Cunningham's death, Defendant, using the POA, withdrew an additional $886 and $1,400 from her father's bank account.

Defendant filed a Chapter 13 bankruptcy petition on July 13, 2011. Defendant listed an unsecured claim in an unknown amount due to the Estate. Robert Cunningham ("Plaintiff") is the personal representative of the Estate.

On September 12, 2011, Plaintiff filed a complaint seeking to have $40,000 of any debt owed to the Estate declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).[1]

According to Plaintiff, after the POA was signed, Defendant was not authorized to sign the Checks which benefitted her and her family because such payments were forbidden by the POA. According to Defendant, the Checks were gifts authorized by Cunningham, who directed her to sign the Checks in his name. Defendant argues that because she signed the Checks pursuant to Cunningham's authorization, not pursuant to the POA, the POA's restrictions on disbursements to Defendant and her family members did not apply.

## III. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1334 and 157(b)(2)(I) and (J), and 11 U.S.C. § 523.

## IV. ISSUES

1. Did the restrictions of the POA apply to the Checks, thereby making Defendant's execution of the Checks a breach of fiduciary duty?

2. Did Defendant breach her fiduciary duty when she retained money withdrawn from Cunningham's bank account using the POA?

3. Did Defendant embezzle funds from Cunningham?

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

3

## V. DISCUSSION

Section 523(a)(4) provides, "A discharge under section 727, 1141, 1228(a) or 1328(b) of this title does not discharge an individual debtor from any debt...(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff has the burden of proof in actions for non-dischargeability, and the standard is a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 284, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

In the Ninth Circuit, a debt is non-dischargeable under 11 U.S.C. § 523(a)(4) where "1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created." Otto v. Niles (In re Niles), 106 F.3d 1456, 1459 (9th Cir. 1997) (quoting Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir.1987)).

The definition of a fiduciary under § 523(a)(4) is a question of federal law. Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1125 (9th Cir. 2003). While an individual may qualify as a fiduciary under state law, the federal law definition is narrower. In re Davis, 476 B.R. 191, 195 (Bankr. W.D. Pa. 2012). The narrower definition of fiduciary under § 523(a)(4) is consistent with the policy of construing exceptions to discharge in favor of the debtor. In re Hokanen, 446 B.R. 373, 378 n.5 (9th Cir. BAP 2011). A fiduciary relationship must arise from an express or technical trust. Braden Trust v. Chavez (In re Chavez), 430 B.R. 890, 894 (Bankr. D. Ariz. 2010). An express trust is created by "(1) sufficient words to create a trust; (2) a definite subject; and (3) a certain and ascertained object or res." In re Stanifer, 236 B.R. 709,

4

714 (9th Cir. BAP 1999). These legal authorities create the framework for analyzing Plaintiff's claims.

A. The Checks

The crux of Plaintiff's argument regarding the Checks is that as a result of Defendant's appointment as attorney-in-fact under the POA, all actions she took thereafter were governed by the POA. Under Arizona law, a power of attorney allows a principal to designate someone else as the principal's agent. Ariz. Rev. Stat. § 14-4401(A); RESTATEMENT (THIRD) OF AGENCY § 8.01(2006); In re Chavez, 430 B.R. at 895. A statutory fiduciary is a fiduciary for purposes of § 523(a)(4) if the statute clearly defines fiduciary duties and identifies trust property. In re Honkanen, 446 B.R. at 379 (citing Runnion v. Pedrazzini (In re Pedrazzini), 644 F.2d 756, 759 (9th Cir.1981)). The Arizona POA statute creates a relationship of principal and agent, which imposes on the agent "a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." RESTATEMENT (THIRD) OF AGENCY §8.01(2006); In re Chavez, 430 B.R. at 895.

The Court has not found, and the parties have not cited, any Arizona case which addresses whether a power of attorney executed pursuant to Arizona law creates a fiduciary duty under § 523(a)(4). However, a number of courts in other jurisdictions have found that a power of attorney can create a fiduciary relationship for purposes of § 523(a)(4). See, e.g., In re Goepp, 455 B.R. 388, 397 (Bankr. D. N.J. 2011) (power of attorney creates a fiduciary relationship due to clear power imbalance between the principal and debtor/agent); In re Marcet, 352 B.R. 462, 473 (Bankr. N.D. Ill. 2006)

5

(power of attorney creates a § 523(a)(4) type of relationship where the attorney-in-fact has a power of ascendency over the principal).

In May v. Lyon (In re Lyon), 348 B.R. 9, 23-24 (Bankr. D. Conn. 2006), the court applied a fact-specific approach to the determination of whether a POA creates a § 523(a)(4) relationship. Applying the factual-analysis approach and the standards articulated in Goepp and Marcet to this case, the Court finds that there was not an imbalance of power between Defendant and Cunningham. And while Plaintiff presented some evidence that the Checks provided larger gifts to Defendant than Cunningham generally made to his family, that, by itself, is insufficient to demonstrate that Defendant dominated Cunningham or that he was incapable of monitoring Defendant's behavior.

The fact that the Checks were not issued pursuant to the POA is central to the determination of whether the execution of the Checks falls within § 523(a)(4)'s definition of fiduciary duty. Stentz v. Stentz (In re Stentz), 197 B.R. 966, 985 (Bankr. D. Neb. 1996), held a debtor's withdrawals from a bank account using the principal's signature, rather than the power of attorney, did not constitute a breach of fiduciary duty. The Stentz court also noted that acts of an agent do not generally involve the level of fiduciary capacity needed to satisfy § 523(a)(4). Id.

It is also significant that the POA did not create a defined res. In Pa. Lawyers Fund for Client Sec. v. Baillie (In re Baillie), 368 B.R. 458, 469-470 (Bankr. W.D. Pa. 2007), the court found that the creation of a power of attorney did not create a fiduciary duty for purposes of § 523(a)(4) unless the principal also entrusted the money or property at issue to the agent. No evidence was presented by Plaintiff that Cunningham entrusted particular property, including bank accounts, to Defendant.

6

The execution of the POA without more evidence, such as proof of Defendant's dominance over Cunningham or a showing that the POA entrusted particular property to Defendant, is insufficient to create a fiduciary duty for purposes of § 523(a)(4). Accordingly, Defendant is entitled to a discharge for any liability arising from her execution of the Checks.

B. <u>The Money Withdrawn from Cunningham's Bank Account and Not Paid to the Estate</u>

Because Defendant withdrew money from Cunningham's bank account ("the Account") using the POA, she was acting subject to its restrictions. Her actions in doing so are non-dischargeable under § 523(a)(4) if they constituted fraud or defalcation. <u>Marcet</u>, 352 B.R. at 469. Under federal law, defalcation is defined as a "misappropriation of trust funds or money held in any fiduciary capacity; [the] failure to properly account for such funds." <u>In re Niles</u>, 106 F.3d at 1460 (9th Cir. 1997) (citing <u>Lewis v. Scott (In re Lewis)</u>, 97 F.3d 1182, 1186 (9th Cir. 1996) (quoting BLACK'S LAW DICTIONARY 417 (6th ed. 1990))). "Defalcation occurs for purposes of § 523(a)(4) when a fiduciary misappropriates or fails to account for money or other property held in trust for another....Even an 'innocent' default by a fiduciary who fails to fully account for money received qualifies as defalcation in this context." <u>Eveland v. Kishbaugh (In re Kishbaugh)</u>, 399 B.R. 419, 426 (Bankr. M.D. Pa. 2009) (quoting <u>In re Baillie</u>, 368 B.R. at 469 (citing <u>In re Lewis</u>, 97 F.3d at 1186)).

Plaintiff has not alleged that Defendant failed to account for the withdrawn funds. After her father's death, Defendant paid $20,000 to the Estate and retained an attorney and an accountant to trace the Account's history. Since all of the funds were accounted for, the question is if Defendant misappropriated funds she did not pay to the Estate.

7.

Defalcation has been found where a husband retained funds received that were supposed to be turned over to his wife pursuant to a court decree. In re Stanifer, 236 B.R. at 719. Defalcation also may be present when a debtor uses some of the entrusted assets for her own benefit. In re Kishbaugh, 399 B.R. at 426. Here, Defendant has failed to provide any information about how the funds she did not remit to the Estate were used other than a generalized assertion that various monies, including her own, were applied to funeral expenses. However, Defendant presented no specific evidence of these outlays. As a result, Defendant's retention of the funds constitutes defalcation. Accordingly, the Estate is entitled to a nondischargeable judgment of $2,286.00.

C. Embezzelment

Debts arising from embezzlement are excepted from discharge under § 523(a)(4) even if a fiduciary relationship is not present. In re Kishbaugh, 399 B.R. at 426. Embezzlement requires three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." In re Littleton, 942 F.2d 551, 555 (9th Cir. 1991) (quoting In re Hoffman, 70 B.R. 155, 162 (Bankr. W.D. Ark.1986); In re Schultz, 46 B.R. 880, 889 (Bankr. D. Nev. 1985)). To establish embezzlement the plaintiff must show fraudulent intent. In re Giarratano, 299 B.R. 328, 337 (Bankr. D. Del. 2003).

Because the Checks were gifts, they were owned by the recipients (Defendant and her family) when made. Therefore, the first two elements of the Littleton test, which require that the holder of property be a non-owner, are not met and embezzlement does not apply. Embezzlement may apply to the unreturned money withdrawn from

8

Case 4:11-bk-20093-EWH    Doc 88    Filed 01/22/13    Entered 01/22/13 11:18:48    Desc
Main Document    Page 8 of 9

Cunningham's accounts using the POA, but Plaintiff failed to demonstrate that Defendant had fraudulent intent when she withdrew that money. In any event, as previously explained, Plaintiff is entitled to a judgment for the unreturned money because retention of that money was a breach of Defendant's fiduciary duty under the POA.

## VI. CONCLUSION

The foregoing constitutes the Court's findings of fact and conclusions of law as required by Rule 7052. For the reasons explained, Plaintiff is entitled to a nondischargeability judgment in the amount of $2,286.00 plus interest at the federal rate. Each side to bear its own costs and attorneys' fees. Plaintiff is directed to upload the form of the judgment without ten days from the date of this Memorandum Decision.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following

Robert Cunningham
c/o Paul A. Loucks, Esq.
Mesch, Clark & Rothschild, P.C.
259 North Meyer Avenue
Tucson, AZ 85701

Caron Teresa Fisher
13331 E. Kahlua Rd.
Vail, AZ 85641

Vincent R. Mayr, Esq.
1534 W. McDowell Rd.
Phoenix, AZ 85007
Counsel for Fisher